Continental Adjustment Co. v. Hoffman.

---

## Continental Adjustment Company v. Jesse E. Hoffman.

1. ATTORNEY—*has no authority to employ assistants.* An attorney employed for the transaction of certain legal business does not obtain from such mere employment authority from his client to employ at his pleasure other counsel, either as principal counsel in his stead or as his

assistant, in the business entrusted to him and thereby impose upon his client the obligation to pay such other counsel.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1905. Reversed, with finding of facts. Opinion filed October 9, 1905.

EDMUND O'CONNELL, for appellant.

JESSE E. HOFFMAN, appellee, *per se.*

MR. JUSTICE GEST delivered the opinion of the court.

This suit is brought by appellee Hoffman against appellant to recover for legal services claimed to have been rendered by appellee to appellant in some litigation had in McLean county. The suit was commenced by writ of attachment which was served by garnishment. The declaration consists of common counts. Appellant appeared and filed plea in abatement of the attachment, and also the general issue. The jury returned a verdict for plaintiff, Hoffman, on both issues and fixed his damages at the sum of $437.50, and the court after overruling a motion for new trial entered judgment upon the verdict.

A baby-child of Mr. C. J. Ricker, of McLean county, had been run down by a freight train of the C., C., C. & St. L. Railroad Company at Urbana and thereby had lost both feet. Under some arrangement between appellant and Mr. Ricker appellant undertook the enforcement of claims for damages in behalf of Mr. Ricker as father and as next friend of the child. Suit was brought in the McLean county Circuit Court upon the claim of Mr. Ricker for loss of services of his child, a verdict was rendered for plaintiff in the sum of about $1,800, upon which judgment was entered and which judgment was afterwards affirmed by the Appellate Court. No suit was brought in behalf of the child, but it seems that both matters were settled by the payment of some $7,000. Wood and Elmer, a firm of lawyers in Chicago, were then the attorneys of appellant and as such they brought the suit which was instituted and in which the verdict and judgment above mentioned were

entered. Hoffman, at the request of Wood and Elmer, took part in the preparation and trial of that case and in the disposition of both claims. The proof introduced by plaintiff Hoffman to show his employment by appellant in the matters aforesaid consists wholly of correspondence between him and Wood and Elmer, except, as Hoffman testified, that a Mr. Truby, the secretary of appellant, was present at the time of the trial of the Ricker case and saw him, Hoffman, taking part in the trial and that Elmer introduced Truby to Hoffman as "the secretary of our company." There is nothing whatever in the correspondence to indicate that Wood and Elmer claimed to have any authority from appellant to employ Hoffman or any other attorney as associate with them in the matter in hand, and if there were, such authority could not be proven by their mere statements, so made. An attorney employed for the transaction of certain legal business does not obtain from such mere employment authority from his client to employ at his pleasure other counsel either as principal counsel in his stead or as his assistant in the business entrusted to him, and thereby impose upon his client the obligation to pay such other counsel. Authority so to employ may be given of course, but when given it must be proven as a distinct fact by proper evidence. Neither is there any other evidence aside from the above statement of Hoffman that any officer or agent of the company except Wood and Elmer knew that Hoffman had any connection with the business. Truby in his testimony denies that he was introduced to Hoffman, that he saw him, knew him or heard his name mentioned. Hoffman states in his brief that Elmer at some time or other afterwards said that he introduced Truby to Hoffman "for the purpose of apprising the said company of appellee's employment in the case so that the company could not afterwards repudiate it and get out of paying for the same," but we fail to find any such evidence in the record, and if it were to be found it would merely show an unprofessional act on the part of Elmer. It is manifest from this record that Hoffman was never em-

ployed by appellant expressly or impliedly, that Wood and Elmer had no authority, expressed or implied, to employ him in behalf of appellant, that whatever his remedy may be for recovery of compensation for his services it is not against appellant. There is no evidence to sustain plaintiff on the issue made by either plea.

The judgment will be reversed without remanding and with the statement of facts following.

*Reversed.*

Statement of facts, to be incorporated in the judgment of the court:

We find that there was no contract of employment, express or implied, between appellee and appellant and that no ground existed for the writ of attachment to be issued.